**SIGNED this 6 day of September, 2024.**



_____
**John T. Laney, III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **CHIPLEY'S FAMILY RESTAURANT, LLC** | ) | **CHAPTER 11 SUBCHAPTER V** |
| **and CORNER OYSTER HOUSE, LLC,** | ) | **BANKRUPTCY** |
| | ) | |
| Joint Debtors. | ) | **CASE NO. 23-40451-JTL** |
| | ) | |
| | ) | |
| | ) | |
| **JENNY WALKER, as Sub V Trustee,** | ) | |
| | ) | **ADVERSARY NO. 24-4004** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CFG MERCHANT SOLUTIONS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1

|  |  |  |
|---|---|---|
| **JENNY WALKER, as Sub V Trustee,** | ) | |
| | ) | |
| | ) | **ADVERSARY NO. 24-4005** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **VOX FUNDING, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION ON THE DEFENDANTS' MOTIONS TO DISMISS UNDER RULE 12(b)(3)

The above-styled matter is before the Court on the Rule 12(b)(3) arguments made in the Defendant's motion to dismiss in the case of *Jenny Walker, as Sub V Trustee for Chipley's Family Restaurant, LLC and Corner Oyster House, LLC vs. CFG Merchant Solutions, LLC*, Mot. to Dismiss, Case No. 24-4004, Doc. 12, and in the Defendant's motion to dismiss in the case of *Jenny Walker, as Sub V Trustee for Chipley's Family Restaurant, LLC and Corner Oyster House, LLC vs. VOX Funding, LLC.* Mot. to Dismiss, Case No. 24-4005, Doc. 9. The Defendants argue that venue is improper in these cases based on 28 U.S.C. § 1409(b). The Plaintiff argues that the statute omits preference actions and venue is proper. The Court finds that the plain meaning of the statute is clear, and the omission of preference actions makes venue proper in these cases.

I.     **FACTUAL FINDINGS AND PROCEDURAL POSTURE**

On May 1, 2024, the Trustee commenced several adversary proceedings on behalf of Chipley's Family Restaurant, LLC and Corner Oyster House, LLC including these cases against CFG Merchants and VOX Funding. Compl., Case No. 24-4004, Doc. 1; Compl. Case No. 24-4005, Doc. 1. The Trustee seeks to recover $8,000.00 from CFG Merchant Solutions and $8,307.70 from VOX Funding. Mot. to Dismiss, Case No. 24-4004, Doc. 12; Mot. to Dismiss, Case No. 24-4005, Doc. 9.

The Defendants moved the Court to dismiss their respective adversary proceedings under the Federal Rules of Bankruptcy Procedure Rule 7012 which, in part, incorporates Federal Rules of Civil Procedure Rule 12(b). *Id.* Specifically, the Defendants filed their motions to dismiss under Federal Rules of Civil Procedure Rule 12(b)(1), (3), and (6). *Id.* The Court asked the parties to brief and present arguments as the Defendants' Rule 12(b)(3) claims, reserving the right to hear the parties' other arguments after resolving this issue. Hr'g Held, Case No. 24-4004, Doc. 13. After the parties briefed the issue to the Court, the Court heard oral arguments on September 3, 2024, and took the matter under advisement. Hr'g Held, Case No. 24-4004, Doc. 25.

II.     **LEGAL ANALYSIS**

The Defendants contend that section 28 U.S.C. § 1409(b) bars the Plaintiff from commencing this lawsuit under 11 U.S.C. § 548 because the requested amount for damages in each case is for less than $25,000. The venue statute provides, in part, "…a trustee in a case under title 11 may commence a proceeding *arising in or related to* such case to recover a money judgment … against a noninsider of less than $25,000, only in the district court for the district in which the defendant resides." 28 U.S.C. § 1409(b) (emphasis added). Subsections (a), (d), and (e) include the phrase "arising under title 11," but subsection (b) omits the phrase. The parties agree that an action under 11 U.S.C. § 548 arises under title 11 and the phrase "arising in or related to" in 28 U.S.C. § 1409(b) does not include actions under 11 U.S.C. § 548. The Defendants argue a recent update to the statute's legislative history includes evidence that Congress's omission of the phase "arising under" was unintentional and the Court should decide Plaintiffs' lawsuits are in the improper venue. The Plaintiff argues that the plain language of the statue does not support the Defendants' position. The Court finds that the statue's plain language is clear and venue for these cases is proper.

3

When interpreting a statute, Courts must look first at the plain language of the statute. "[W]hen statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000) (internal quotations omitted). The language of 28 U.S.C. § 1409(b) is clear and unambiguous. The statute only creates a venue restriction for cases arising in or relating to title 11 cases, not cases arising under that title. Thus, in these cases, 28 U.S.C. § 1409(b) does not apply.

The Defendants ask to the Court to look to updates in legislative history of 28 U.S.C. § 1409(b) and find that Congress intended to include actions arising under title 11 in its venue restrictions. Between 1984 when the statute was passed as written to 2019, courts that addressed this issue varied in their decisions as to whether 28 U.S.C. § 1409(b) applies to preference actions, with most cases finding that the statute does not apply. *See e.g., In re Bamboo Abbott, Inc. d/b/a Prestige Window Fashions*, 458 B.R. 701 (Bankr. D.N.J. 2011), *In re Excel Storage Products, L.P.,* 458 B.R. 175 (Bankr. M.D.Pa. 2011). The cases that found otherwise relied on legislative history to determine Congress's intent. *See e.g., In re Little Lake Industries, Inc.,* 158 B.R. 478 (BAP 9th Cir. 1993).

In 2019, the Small Business Reorganization Act, "SBRA," included a provision increasing the monetary threshold of 28 U.S.C. § 1409(b) to its current amount of $25,000. The legislative history states that 28 U.S.C. § 1409(b) "concerns the venue where such preferential transfer actions may be commenced." The bill as written, however, did not amend 28 U.S.C. § 1409(b) to include the language "arising under" title 11 to encompass preference actions. The parties agreed that the courts that have considered this issue since the update to the legislative history have found that 28 U.S.C. § 1409(b) does not apply to preference cases, but the

4

Defendant notes that none of those cases addressed the change to the legislative history. *See In re Indian Hills Health Care of Sioux City, LLC*, 2024 WL 3648928 (Bankr. N.D. Iowa Aug. 2, 2024), *In re Insys Theraputics, Inc.,* 2021 WL 3508612 (Bankr. D. Del. June 17, 2021), *In re J & J Chem., Inc.,* 596 B.R. 704, 706 (Bankr. D. Idaho 2019).

While the Court appreciates the Defendants' position, it would be inappropriate for the Court to consider the legislative history when the text of the statute is otherwise clear. *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) ("When the import of the words Congress has used is clear, as it is here, we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language"). The Court cannot supplement its understanding of a statute with what it thinks Congress might have intended. The Supreme Court has stated, "[i]f Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. 'It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think ... is the preferred result.' *Lamie v. U.S. Trustee*, 540 U.S. 526, 542 (2004) (quoting *United States v. Granderson*, 511 U.S. 39, 68, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (concurring opinion)). Furthermore, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. U.S.,* 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)) Thus, while a portion of legislative history demonstrates Congress may have intended 28 U.S.C. § 1409(b) to include preference actions, its failure to include the phrase "arising under" demonstrates either an intentional omission or an error which the Court is not entitled to correct.

### III.    CONCLUSION

The Court denies the Defendants' motions as to their arguments under Rule 12(b)(3) and will enter orders accordingly.

END OF DOCUMENT